**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-30549
Summary Calendar
_____

FAITH HOME HEALTH SERVICES INC,

                              Plaintiff-Appellant,

versus

DONNA E SHALALA; HEALTH CARE FINANCING
ADMINISTRATION,

                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(98-CV-329)

_____

December 15, 1998

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Faith Home Health Services, Inc. ("Faith Home") appeals the district court's order dismissing for lack of subject matter jurisdiction Faith Home's claims against Defendants.  We affirm.

I

     Faith Home is a private health care provider, which provides home health care services under the Medicare program.  Faith Home

---

     [*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

alleges that Defendants, administrators of the Medicare program, wrongfully assessed it overpayments, withheld reimbursement payments, and refused to allow for an extended repayment plan. The district court dismissed Faith Home's claims for lack of subject matter jurisdiction, on the grounds that Faith Home failed to exhaust its administrative remedies. We review a district court's jurisdictional determinations *de novo*. *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1041 (5th Cir. 1998).

## II

Because Faith Home's suit "arises under" the Medicare Act, 42 U.S.C. § 1395 *et seq.*, federal courts may not exercise general federal question jurisdiction under 28 U.S.C. § 1331. *See Heckler v. Ringer*, 466 U.S. 602, 614-615, 104 S. Ct. 2013, 2021, 80 L. Ed. 2d 622 (1984). Instead, Faith Home may obtain judicial review under 42 U.S.C. § 405(g). *See id.* Section 405(g), however, requires that a plaintiff fully exhaust any administrative remedies before resorting to the federal courts. *See id.* at 617, 2023.

Faith Home has conceded that its administrative appeals are still pending. It argues, however, that alternative bases of jurisdiction exist. First, Faith Home contends that the district court has mandamus jurisdiction under 28 U.S.C. § 1361. Mandamus jurisdiction is available only if a plaintiff "has exhausted all other avenues of relief." *Ringer*, 466 U.S. at 616, 104 S. Ct. at 2022. Thus Faith Home's failure to exhaust its administrative remedies precludes mandamus jurisdiction. Second, Faith Home argues that the Administrative Procedure Act ("APA"), 5 U.S.C.

-2-

§§ 501 *et seq.*, provides jurisdiction. The APA, however, does not create an independent grant of jurisdiction to bring suit. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 n.13 (5th Cir. 1998).

Finally, Faith Home argues that jurisdiction lies under the All Writs Act, 28 U.S.C. § 1651(a). It is well established that the All Writs Act does not itself create jurisdiction. *See Brittingham v. United States Comm'r of Internal Revenue*, 451 F.2d 315, 317 (5th Cir. 1971). Nevertheless, courts have recognized that the All Writs Act provides courts "limited . . . power to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action through the prescribed statutory channels." *V.N.A. of Greater Tift County, Inc. v. Heckler*, 711 F.2d 1020, 1027 (11th Cir. 1983). This "power to enter a status quo injunction 'extends to the potential jurisdiction of the appellate court where an appeal . . . may be later perfected.'" *Id.* at 1027-28, *quoting Federal Trade Comm'n v. Dean Foods*, 384 U.S. 597, 603, 86 S. Ct. 1738, 1743 (1966).

When a plaintiff asks a court to exercise this power, however, the usual requirements for a preliminary injunction are subject to heightened standards. *See V.N.A. of Greater Tift County*, 711 F.2d at 1030. Specifically, a plaintiff must show (1) a virtual certainty of irreparable injury, (2) a virtual certainty of success on the merits, (3) minimal harm to the agency, in the sense of disruption of process, and (4) the public interest clearly favoring the assumption of jurisdiction. *See id.* at 1034.

Faith Home argues that it is entitled to an injunction under this doctrine because (1) the Defendants' actions have rendered it unable to pay its bills, to pay and retain its employees, and to provide health care services to patients, (2) there is "a substantial likelihood that [Faith Home] will ultimately succeed on the merit[s] because of [Defendants'] wrongful conduct," and (3) "the issuance of an injunction would not disserve the public interest."

The district court correctly found that Faith Home failed to meet the heightened standards required to issue a pre-jurisdictional injunction under the All Writs Act. It has not shown a virtual certainty of success on the merits. Furthermore, the harm Faith Home alleges is not sufficient to warrant a pre-jurisdictional injunction. *See V.N.A. of Greater Tift County*, 711 F.2d at 1031-32. Consequently, we affirm the district court's ruling.

### III

Because we affirm the district court's dismissal for lack of subject matter jurisdiction, Faith Home's Motion for Judicial Notice and Motion for Supplemental Judicial Notice are DENIED as moot.